IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **SCHINDLER ELEVATOR** | § | **PLAINTIFF/** |
| **CORPORATION** | § | **COUNTER-DEFENDANT** |
| | § | |
| v. | § | Civil Action NO. 1:09cv768-LG-RHW |
| | § | |
| **RIVERBOAT CORPORATION** | § | **DEFENDANT/** |
| **OF MISSISSIPPI** | § | **COUNTER-PLAINTIFF** |

### MEMORANDUM OPINION AND ORDER DENYING SCHINDLER'S MOTION TO EXCLUDE EXPERT TESTIMONY OF STEPHEN POWELL AND MICHAEL COURSEY

**BEFORE THE COURT** is the Motion to Exclude Expert Testimony of Stephen Powell and Michael Coursey [57, 60] that was filed by Schindler Elevator Corporation. Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Exclude should be denied.

### DISCUSSION

This lawsuit arose out of a contract dispute between Schindler and Riverboat Corporation of Mississippi concerning an elevator/escalator Preventive Maintenance Agreement (PMA) between the parties.[1] After it terminated the PMA with Schindler, Riverboat hired Kone, Inc., to service its elevators and escalators. It also asked Kone employees to inspect the elevators, and many of Riverboat's claims for inadequate service under the PMA are based on the inspections made by Kone. On September 2, 2010, Riverboat designated two Kone employees, Stephen Powell and Michael Coursey,

---

[1] A complete discussion of the facts forming the basis of this lawsuit are included in this Court's Memorandum Opinion and Order concerning Riverboat's Motions for Summary Judgment.

as experts. Prior to the designation, these employees had been deposed by the parties. Schindler has filed the present Motion to Exclude, arguing that these experts should not be permitted to testify for several reasons.

## A. Whether Powell and Coursey Were Properly Designated as Expert Witnesses

Schindler argues that Riverboat did not properly designate Powell and Coursey as experts, because it did not provide the subject matter on which these experts are expected to present evidence and it failed to supplement its initial disclosures. *See* Local Rule 26. However, Riverboat clearly provided the subject matter of these experts' expected testimony in its Designation. (Docket No. [31]). In fact, Riverboat summarized their expected opinions and referred to the depositions that these experts had given prior to the Designation. As a result, Schindler's argument in this regard is meritless. Furthermore, Schindler has not explained what supplementation Riverboat should have provided. There is no indication that these experts' opinions or qualifications have changed.

Finally, the Court finds that Schindler's arguments in its rebuttal memorandum [67] are also without merit. Schindler argues that it was prejudiced by the designation of these experts after their depositions were taken, because it would have conducted its depositions differently had it known that they would be designated as experts. However, Riverboat's Designation of Experts [31] was filed on September 2, 2010, and the discovery deadline was November 1, 2010. Nothing prevented Schindler from conducting a second deposition of these experts in the two months following the

designation.

In addition, Schindler argues that these experts should have filed written reports, because they were retained experts.  *See* Fed. R. Civ. P. 26(B).  These experts are employees of the company that currently services the Isle's elevators and escalators.  There is no evidence or indication that these experts were specifically retained for the purpose of giving expert testimony against Schindler.  Therefore, they were not required to provide written reports.

## B.  Whether Powell and Coursey Are Biased

Schindler next argues that Powell and Coursey should be prevented from providing expert opinions, because they had a financial interest in giving a negative opinion of Schindler's maintenance work due to the fact that their employer, Kone, was seeking to take over the elevator and escalator work at the Isle at the time that they initially inspected the Isle equipment.  Schindler does not provide any legal authority that supports its argument.

Credibility determinations and decisions as to the weight that should be given to the testimony of expert witnesses are jury functions.  *Palasota v. Haggar Clothing Co.*, 499 F.3d 474, 480 (5th Cir. 2007); *United States v. 14.38 Acres of Land*, 80 F.3d 1074, 1077-78 (5th Cir. 1996); *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1069 (5th Cir. 1993); *V&S Ice Mach. Co. v. Eastex Poultry Co.*, 437 F.2d 422, 426 (5th Cir. 1971).  Furthermore, it should be noted that most expert witnesses have a financial interest in the testimony that they give, and thus, a financial interest alone is insufficient to justify striking an expert witness.

Schindler will have the opportunity at trial to vigorously cross-examine Powell and Coursey regarding their relationship with Riverboat. It will be up to the jury to determine the weight and credibility of these experts.

## C.  Whether Powell and Coursey are Qualified

Fed. R. Civ. P. 702 provides that a witness must possess the requisite "knowledge, skill, experience, training, or education" to provide expert testimony. However, "Rule 702 does not mandate that an expert be highly qualified in order to testify about a given issue. Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009).

Schindler argues that Powell should be excluded, because he has a sales background and he has had no hands-on training regarding elevator or escalator repair. Furthermore, Schindler asserts that Powell cannot give testimony regarding the condition of the equipment, because he only inspected some of it.

Powell testified at his deposition that he has been trained in all aspects of the elevator business, and he has worked in the field for over fifteen years. Although much of his proposed testimony appears to be factual in nature, he has given opinions concerning safety code violations that were found in the Isle elevators. (Ex. E to Def.'s Mot. [55] at 86, 98). He also gave opinions concerning the condition of the elevators and escalators that he inspected.

The fact that Powell may not have inspected all of the equipment at the Isle does not prevent him from giving opinion testimony concerning the equipment that he did

inspect. Furthermore, Powell has sufficient experience and training in the elevator industry to give opinion testimony, and he has demonstrated specialized knowledge of the safety code applicable to elevators and escalators. Once again, Schindler will have the ability to vigorously cross-examine Powell regarding his qualifications and knowledge, and it will be the jury's task to determine the weight that should be assigned to his testimony.

As for Coursey, he has over thirty-eight years of experience in the elevator repair and maintenance industry. He gave opinions concerning the condition of the Isle equipment, and he has identified invoices for work on the equipment that would not have been necessary but for Schindler's alleged negligent maintenance.

Schindler argues that Coursey is not qualified, because he stated that he did not know whether the Isle equipment was damaged by water and because he has not read the Schindler Preventive Maintenance Agreement. Once again, these matters should be addressed on cross-examination. Furthermore, Coursey's lack of knowledge of water damage and his unfamiliarity with the PMA would not prevent him from giving opinions concerning the condition of the Isle equipment and the quality of Schindler's maintenance.

**D. Whether Powell and Coursey's Testimony Will Aid the Trier of Fact**

Schindler argues that Powell and Coursey's testimony will not aid the trier of fact, because "[t]heir opinions are distorted by their financial gain from KONE taking over the maintenance contract from Schndler." The Court finds that Powell and Coursey's opinions will be helpful to the trier of fact, because of their knowledge of the

elevator repair and maintenance industry as well as their personal knowledge of the condition of the Isle equipment. Any arguments of bias or lack of credibility should be presented to the jury.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion to Exclude Expert Testimony of Stephen Powell and Michael Coursey [57, 60] that was filed by Schindler Elevator Corporation is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 24th day of March, 2011.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE